J-S31001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANSICO NEGRON | : | |
| | : | |
| Appellant | : | No. 646 EDA 2025 |

Appeal from the Judgment of Sentence Entered February 3, 2025
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0006743-2023

BEFORE:  PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.E.:          **FILED JANUARY 12, 2026**

Fransico Negron appeals from the judgment of sentence imposed by the Philadelphia County Court of Common Pleas on February 3, 2025, following his conviction for multiple violations of the Uniform Violations Act ("VUFA"). On appeal, Negron challenges the sufficiency of the evidence in support of the verdict and the discretionary aspects of his sentence. We affirm.

On July 24, 2024, Negron waived his right to a jury trial and a bench trial was held. Officer David Smith testified that on September 9, 2023, at around 12:20 a.m., Negron was a front passenger in an automobile that was stopped at a DUI checkpoint. *See* N.T., 7/24/24, at 21-22. Upon approaching the driver's side of the car, Officer Smith observed the driver had a loaded gun on his lap. *See id.* at 21.

After observing this interaction with the driver, Office Bryan Devlin, who was standing on the passenger side of vehicles at the checkpoint, asked Negron, who was seated in the passenger's seat, to exit the vehicle to check for additional weapons. *See id.* at 27-28. When securing the car for officer safety, Officer Devlin observed in plain view another gun wedged between the front passenger seat and the door frame, with the grip facing up. *See id.* at 28-30. The gun, which was loaded, was positioned such that the passenger could readily reach down with their right hand, grab the gun by its handle, and deploy it. *See id.* at 34, 43. The gun would not have been accessible to the driver from its position. *See id.* at 32.

Negron testified that he had been visiting family who lives in Philadelphia earlier in the evening. *See id.* at 52. When he noticed it was getting late, Negron's son offered to get Negron an "Uber" to take Negron to his mom's house. *See id.* The vehicle was stopped at the checkpoint shortly after Negron got in. *See id.* at 52-53. Negron testified that he first noticed the driver had a weapon on his person when the officer shined his flashlight on the driver. *See id.* at 53. Negron was then asked to get out of the car, after which the police found another weapon. *See id.* Negron testified that he did not know the driver, whom the car belonged to, or that a gun was next to him near the passenger seat floor. *See id.* at 54. Negron insisted that he did not know if the vehicle was an Uber, Lyft, or taxi; that the driver had told him to sit in the

front seat; and that he did not know there were any firearms in the vehicle. ***See id.*** at 59.

Negron did not have a license for the gun, and stipulated he had a prior conviction for robbery, making him ineligible to possess a firearm. ***See id.*** at 48.

Negron was charged with three VUFAs (possession of a firearm by a prohibited person, possession of a firearm without a license, and carrying a firearm in public in Philadelphia).[1]

On July 25, 2024, following the bench trial, the trial court found Negron guilty on all counts. Sentencing was deferred for preparation of a pre-sentence investigation report ("PSI"), a mental health evaluation, and a forensic intensive recovery ("FIR") evaluation.

On February 3, 2025, the trial court sentenced Negron to an aggregate term of 4 to 12 years' incarceration. That same day, Negron filed a post-sentence motion for reconsideration of sentence, contending a more mitigated sentence is appropriate based on a list of mitigating reasons. Following a hearing, the court denied the motion. This timely appeal followed.

Negron raises the following issues on appeal:

> 1. Whether the sentence imposed on [Negron] was harsh and excessive and an abuse of discretion since the lower court failed to properly consider all of the sentencing factors of 42 Pa.C.S.A. § 9721(b) or any mitigating evidence when it imposed the sentence in question?

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), 6108.

- 3 -

2. Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of VUFA (18 P.S. § 6105) beyond a reasonable doubt, as to [Negron]?

Appellant's Brief, at 7.

In his first issue, Negron argues the sentence imposed on him was harsh and excessive and an abuse of discretion since the trial court failed to properly consider all of the required sentencing factors or any mitigating evidence. **See id.** at 12. Negron concedes this claim raises a challenge to the discretionary aspects of sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Preliminarily, Negron has failed to provide a Rule 2119(f) statement in his brief. The Commonwealth, however, has not objected to this violation of our Rules of Appellate Procedure. "[I]n the absence of any objection from the Commonwealth, we are empowered to review claims that otherwise fail to comply with Rule 2119(f)," however, "we need not do so." *Commonwealth v. Bonds*, 890 A.2d 414, 418 (Pa. Super. 2005) (citation omitted). Because Negron's claim fails for other reasons as well, we do not find the absence of a Rule 2119(f) is dispositive in hampering our review.

While Negron filed a timely appeal and motion to reconsider sentence, there is a disparity between the issue raised in Negron's post-sentence motion, his 1925(b) concise statement, and his appellate brief. A defendant can only preserve a claim to the discretionary aspects of a court's sentence if he notes a specific objection at the sentencing hearing or in a post-sentence motion. *See Moury*, 992 A.2d at 170.

In his motion to reconsider sentence, Negron only argued that a more mitigated sentence was appropriate, listing several mitigating factors. *See* Motion to Reconsider Sentence, 2/3/25, at 1-2. Notably, Negron did not assert the trial court had failed to consider any mitigating factors. In his 1925(b) concise statement, Negron then asserted for the first time that the sentence was "excessive" because the court failed to consider all of the sentencing factors of 42 Pa.C.S.A. § 9721(b). Appellant's 1925(b) Concise Statement, 3/7/25, at ¶ 1.

However, in his appellate brief, Negron now continues to add onto his challenge to the sentence imposed by arguing for the first time that the court sentenced him in the aggravated range without considering mitigating factors, and that the court only considered the seriousness of the offense. *See* Appellant's Brief, at 14-15.

Because Negron failed to raise the instant discretionary sentencing claims in his post-sentence motion or at sentencing, we find his issue waived. *See Commonwealth v. Griffin*, 65 A.3d 932, 936 (Pa. Super. 2013) ("Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.") (citation omitted); *see also Commonwealth v. Cartrette*, 83 A.3d 1030, 1042-43 (Pa. Super. 2013) (*en banc*) (concluding substantial question was waived for failing to raise it at sentencing or in post-sentence motion).

We note, even if we had not found the issue waived, we discern no abuse of the court's discretion in imposing sentence. The court adequately considered all sentencing factors and explained on the record the reason for the sentence:

> I'm looking at everything, and, certainly, the guns were very, very troubling and particularly the scenario in which this gun was found. You have two men each with their own gun in a car, you know, ready to go, essentially. And it gives the Court pause about what was going to happen.
>
> …

- 6 -

So you know, I'm also—you know, the prior record score is pulling this into a different category than we would normally see for a gun possession case. And, you know, we don't have a lot of indicators that there was any intent or any further criminal activity. It's not like there was drugs in the car or anything else. It leaves a lot of question marks for the [c]ourt about, you know, what was really going on in that situation.

I also see this very troubling history that he's had in his life, and the significant mental health issues and drug issues.

And I think the FIR is kind of instructive that it says that he has poor coping skills, poor judgment skills. In most stress management issues and impulse control issues and lacks a solid overall support system. However, it also says that he's acknowledging his need for help and is in the contemplating stages and has made decisions to get treatment wherever it's followed.

And I think I can take that—generalize that beyond just his substance situation to a more general—what's going on in his life.

So, you know, I'm hopeful that if he's in the system that he'll get the different remediations, the mental health, the substances and come out in a different place, especially given his current age and where he'll be. So I want to give him that opportunity to be able to get on the right path. So I'm going to go lower than the guidelines to give him that opportunity.

But I'm going to go to the Commonwealth's request on the top end. So if he doesn't get the treatments or if he's not successful in those treatments, then the parole board will make a decision about when it makes sense for him to go back and join the community.

…

Six years. I mean, he'll be in his 60s.

…

And so I think this takes into account his history, but also the significant need for ongoing rehabilitation. And if he's successful

in that, then I think he should be able to get out sooner than a six-year sentence.

So I'm going to order 4 years in the bottom end, 48 months, to 144. That's the Commonwealth's request on the top end, which is 12.

…

I've stated the mitigating—the reasons as I've seen them.

N.T., Sentencing, 2/3/25, at 23-26.

Contrary to Negron's assertions, the trial court considered the mitigating circumstances presented to it. Moreover, as the trial court specifically noted, it had the benefit of a PSI. Where a trial court has a PSI, "it is presumed that the sentencing court was aware of the relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Tirado*, 870 A.2d 362, 368 (Pa. Super. 2005) (citation and internal quotations marks omitted); *see also Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992) ("It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand") (citation omitted). The trial court explicitly addressed its review of the PSI as well as the other evaluations that were submitted. *See* N.T., Sentencing, 2/3/25, at 22.

Accordingly, we find Negron's first issue on appeal is waived, and otherwise without merit.

Next, Negron argues the evidence was insufficient to establish the elements of 18 Pa.C.S.A. §§ 6105.

It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. ***See Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998). Further, an appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. ***See*** Pa.R.A.P. 1925(b)(4)(ii) (requiring a Rule 1925(b) statement to "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge"). A Rule 1925(b) concise statement that is too vague can result in waiver of issues on appeal. ***See Commonwealth v. Dowling***, 778 A.2d 683, 686-687 (Pa. Super. 2001) ("a [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all").

> If [an appellant] wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. [Where a] 1925(b) statement [ ] does not specify the allegedly unproven elements[,] ... the sufficiency issue is waived [on appeal].

***Commonwealth v. Tyack***, 128 A.3d 254, 260 (Pa. Super. 2015) (citation omitted). Further, waiver applies even where the trial court addresses the issue in its Rule 1925(a) opinion and where the Commonwealth does not object to the defective Rule 1925(b) statement. ***See Commonwealth v. Williams***, 959 A.2d 1252, 1257 (Pa. Super. 2008) ("The Commonwealth's

failure and the presence of a trial court opinion are of no moment to our analysis because we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion, not in a selective manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim.") (citations omitted).

Here, Negron's Rule 1925(b) statement simply includes a blanket statement that the "evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, [was] insufficient to establish all elements of VUFA ([] § 6105) beyond a reasonable doubt." Appellant's 1925(b) Statement, 3/7/25, at ¶ 2. This statement, which simply uses the generic language for all sufficiency claims, does not state any specific elements or elements upon which the evidence is insufficient. As a result, we find Negron has waived this issue as well. *See Williams*, 959 A.2d at 1257-1258.

In any event, even if Negron had preserved this issue, we find the evidence was sufficient to convict Negron of 18 Pa.C.S.A. § 6105. To sustain a conviction under Section 6105, the Commonwealth had to prove Negron "possessed a firearm and that he was convicted of an enumerated offense that prohibits him from possessing, using, controlling, or transferring a firearm." *Commonwealth v. Thomas*, 988 A.2d 669, 670 (Pa. Super. 2009).

To establish the element of possession this Court has explained that "[p]ossession can be found by proving actual possession, constructive possession, or joint constructive possession." *Commonwealth v. Parrish*,

191 A.3d 31, 36 (Pa. Super. 2018) (citation omitted). It is undisputed that Negron was not in actual possession of the gun. Rather, the gun was discovered between the passenger seat that Negron was seated in and the passenger side door.

> We previously have determined:
>
> Where a defendant is not in actual possession of the prohibited items, the Commonwealth must establish that the defendant had constructive possession to support the conviction. Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. We have defined constructive possession as conscious dominion, meaning that the defendant has the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.
>
> It is well established that, as with any other element of a crime, constructive possession may be proven by circumstantial evidence. In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue.

**Parrish**, 191 A.3d at 36–37 (internal citations and quotation marks omitted).

Negron does not dispute he is prohibited from possessing a firearm. He only argues the Commonwealth failed to prove he had possession, actual or constructive, of the gun. Negron asserts he "was merely a passenger in the vehicle." However, the record is not as sparse as Negron characterizes it. Rather, the testimony at trial shows that a loaded gun had already been found on the driver's lap; that the gun at issue was found wedged between the passenger seat, where Negron was seated, and the passenger door; and that the gun was loaded and positioned with the handle up so that the passenger,

- 11 -

Negron, could easily reach down and grab it to employ it. It is clear the trial court credited the officers' testimony, and not Negron's, as was its prerogative to do. **See Commonwealth v. Yorgey**, 188 A.3d 1190, 1198 (Pa. Super. 2018) (en banc) (stating credibility determinations are within the exclusive province of the court). Based on the totality of the circumstances, there was sufficient evidence to prove Negron had constructive possession of the gun.

As Negron's claims are waived, and otherwise without merit, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/12/2026

- 12 -